# UNITED STATES DISTRICT COURT
## OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Emmanuel Evariste | ) | |
| (Plaintiff) | ) | |
| v. | ) | |
| Steven W. Thompkins | ) | |
| (Sheriff) | ) | Case no._____ |
| and | ) | |
| Suffolk County Sheriff Dep't | ) | |
| (Defendants) | ) | |

## COMPLAINT

Now Comes, plaintiff Evariste with a complaint against defendants Sheriff Steven W. Thompkins and Suffolk County Sheriff Dep't for the lack of medical care after being a victim of a motor vehicle accident as an inmate in their custody during transport back from court. The incident occurred on August 9, 2018 while the transport van was entering the facility garage and the entire incident is captured on surveillance video and this video will be in evidence before the court. The plaintiff suffered a concussion and a neck injury. He peed on himself. The defendant failed to render adequate medical care while denying plaintiff of a neck brace which as a result left him with a deformed neck bone and nonstop painful back spasms. This matter was previously litigated in Suffolk County Superior Court and dismissed on December 9, 2025 for failure to prosecute. The plaintiff is filing this action in accordance with the saving statute G.L.C. 260 & 32 without tolling the statute of limitations.

## PARTIES

Plaintiff Emmanuel Evariste currently resides as inmate 073-645-540 in ICE custody at the Stewart Detention Center, 146 CCA Rd, Lumpkin, GA 31815. He was a pretrial detainee on August 9, 2018 when the incident occurred. He became a convicted inmate on September 27, 2018.

Defendant Sheriff Steven W. Thompkins is was the immediate custodian of the plaintiff as the head of the South Bay House of Correction. He reside at 200 Nashua st, Boston, MA 02114.

Defendant Suffolk County Sheriff Dep't had the plaintiff in its custody and had an absolute duty of care. The facility is located 200 Nashua st, Boston, MA 02114.

## JURISDICTION

This matter was previously litigated in Suffolk County Superior Court under *21-1808E*. The incident regarding this case occurred in Suffolk County city of Boston, MA. The parties are the Commonwealth against an inmate who was in its custody at the time of incident. Commonwealth had an absolute duty of care.

## REQUIREMENTS

1. M.G.L Chapter 258 waives sovereign immunity, allowing lawsuits against public employers entities for employee negligence (car crash, unsafe premises) under the Massachusetts Tort Claims Act (MTCA). It applies in neglgient operation of government vehicles (police, fire, and buses).

2. ~1983 claims of constitutional violation of the 8th Amendment lack of adequate care. A deliberate indifference

3. Plaintiff is seeking an action for conversion. Subsequent action must be a new action for the same cause as prior action for simple conversion.

4. Saving statute, G.L.C. 260 & 32 permits new action if the prior action was not a judgment on merits. Therefore, the saving statute treat this case as if it had been filed prior to the statute of limitations deadline. Plaintiff has one year from the dismissal to file new action.

## CLAIM- I

M.G.L Chapter 258 public employee personal injury. Relief capped at $100,000.

## CLAIM- II

~1983 Eighth Amendment – lack of adequate medical care. Relief has no cap.

## BACKGROUND

On august 9, 2018, Mr. Evariste was an inmate being transported back to the South Bay House of Correction in Boston, MA. Around 2pm, the transport van drove negligently backwards towards the entrance of the facility colliding w/ a metal cone. The transport van had no seat belt and Mr. Evariste was shackled. His head and neck strucked the metal interior of the van. The transport van had 2 compartment with 2 separate doors. Mr. Evariste sat alone on his side of the two compartment. There were other inmates sitting next to each other on the other compartment. Therefore he did not have another inmate as motion support during the collision. During the collision, Mr. Evariste suffered a concussion and peed on himself. Mr. Evariste did notify staff of the incident as soon as possible as the staff were in the course of securing detainees and placing them in a holding cell. During the wait, Mr. Evariste started feeling soreness so he started to do some push-ups on the bench to help his blood flow throughout his body to reduce swelling. This activity had no impact on his head or neck area.

Eventually, Mr. Evariste submitted multiple sick call slips requesting for a neck brace and each request was denied. Mr. Evariste never saw a doctor while in the care and custody of the defendants. The defendants has no logical explanation for their actions and decisions. When Mr. Evariste was released from custody, he was seen by an orthopedic doctor and had a medical X-Ray. Results of the X-Ray showing he now has a deformed neck bone structure. Mr. Evariste suffered non-stop painful back spasms. His doctor confirmed this was a result of the injury sustained on August 9, 2018. Causation is also supported by the fact that Mr. Evariste had an intake physical exam when he first arrived at the facility and he had no such injury or symptoms.

This matter was previously litigated in the Suffolk County Superior Court under case *21-1808E*. Mr. Evariste experienced hardship of showing up to trial due to his ICE custody. A new judge entered

the previous case and dismissed the matter for failure to prosecute on December 9, 2025. Therefore the matter was not dismissed on merits which does affect the saving statute, G.L.C. 260 & 32.

## ARGUMENT

**5. To the extent plaintiff seek to tolled the statue of limitation based on G.LC. 260 & 32.**

This matter was filed in 2021. Massachusetts has a 3-year statute of limitation governed by M.G.L Chapter 260, section 2A. However the saving statute, G.L.C 260 & 32 permits litigants to file a new action for the same cause within one year after the dismissal of the previous action if the judgment was not on the merits, see Roughny v. Remax Unlimited, 2021 Mass.

**6. To The plaintiff seek an action conversion of his claim**
The previous action in Suffolk Superior Court under *21-1808E* was litigated under the statute of M.G.L Chapter 258 public employee personal injury claims. It applies to motor vehicle accident and personal injury caused by public employees in their course of duty. The plaintiff seek to convert his claim to a ~1983 8th Amendment- lack of adequate of medical care. Since both claims are identical or similar in nature, in the instance the request for conversion is denied, the plaintiff would like to proceed with the original claim of M.G.L Chapter 258. In Corliss v. City of Fall River, plaintiff filed an action for conversion stating subsequent action must be a new action for simple conversion.

## RELIEF DEMAND

Claim 1- M.G.L Chapter 258 public employee personal injury. Plaintiff seek the capped of $100,000.

Claim 2- ~1983 Eighth Amendment- Lack of adequate medical care. Plaintiff seeks $2 million.

Respectfully Submitted
Emmanuel Evariste

*Emmanuel Evariste*
12/11/25